## Appeal of School District of the Borough of Old Forge

*Morris B. Gelb,* for appellant.

*Joseph P. Brennan* and *Arthur A. Maguire,* for appellee.

LEACH, P. J., December 12, 1941.—The facts in this case are to be taken from the copy of the decision of Dr. Francis B. Haas, Superintendent of Public Instruction. This appeal is from his decision in reinstating Genevieve Loftus in her position as a school teacher in the Borough of Old Forge.

From the said facts it appears that Miss Loftus was a teacher in the fourth grade, and her rating was good until one morning when reports were made to her of various vile statements made by a Francioni child in the hearing of other children in the yard. The statements were admitted by the child, and she slapped and

sent him to his own room. Later the boy went home, returned with a parent and was ready to resume school but was again taken home. At the trial the board dismissed her on the ground of cruelty. The appeal calls for a construction of section 1410 of the School Code of May 18, 1911, P. L. 309, which section reads as follows:

"Every teacher in the public schools in this Commonwealth shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the time they are in attendance, including the time required in going to and from their homes, as the parents, guardians, or persons in parental relation to such pupils may exercise over them."

Appellant contends that, as the pupil belonged to another classroom, the teacher had no right to punish him. It may be noted that the authority of the teacher extends during the time they are in attendance, including the time in going to and from their homes. To say that a pupil in another room can subject a teacher from another room to insult or abuse and is free to conduct himself improperly without interference from any teacher except the principal and the one in control of the room would be subversive to discipline and a narrow construction of the act. The teacher is under the control of the authorities and can be disciplined. The chances that a pupil will suffer from unnecessary interference by a teacher are remote. Many of the cases which appear in juvenile court would not be there if parents and school authorities upheld the teachers in supporting discipline and in permitting corporal punishment.

Now, December 12, 1941, appeal is dismissed at the cost of appellant.